```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
UNITED STATES OF AMERICA,                                        :
                                                                 :
              -v-                                                :
                                                                 :      24-cr-367 (LJL)
HECTOR COLON,                                                    :
                                                                 :      MEMORANDUM AND
                             Defendant.                          :           ORDER
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

The United States (the "Government") moves, pursuant to Federal Rule of Criminal Procedure 15, for leave to take the deposition of a witness (the "Witness") prior to trial to preserve the testimony of the Witness for trial. Dkt. No. 32. The defense opposes the motion. Dkt. No. 34.

The Indictment in this case was filed on June 6, 2024. Dkt. Nos. 15–16. It charges the Defendant in Count One with the solicitation and receipt of a bribe by an agent of an organization receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(B), Dkt. No. 15 ¶ 1, and in Count Two with extortion under color of official right in violation of the Hobbs Act, 18 U.S.C. § 1951, *id.* ¶ 2. Defendant was employed as a superintendent at Fort Washington Avenue Rehab, a New York City Housing Authority ("NYCHA") development, from at least January 2013 through at least in or about March 2019 and from at least in or about November 2019 through at least in or about November 2020. Dkt. No. 1 ¶ 7(a). He was employed as a superintendent at Harlem River Houses ("Harlem River"), a NYCHA development, from at least in or about March 2019 through at least in or about November 2019 and from at least in or about December 2020 through at least in or about October 2022. *Id.* ¶ 7(b). The Indictment charges

that during the period from at least in or about March 2019 through at least in or about November 2021, Defendant solicited and accepted bribes and extorted payments in exchange for certain contractors to receive no-bid contracts from NYCHA. Dkt. No. 26 ¶¶ 1–2.

Defendant was arraigned on June 17, 2024. June 17, 2024, Minute Entry. Trial is scheduled to commence on November 18, 2024. This motion was filed by letter brief on October 16, 2024. Dkt. No. 32.

Federal Rule of Criminal Procedure 15 authorizes a party to move that a prospective witness be deposed in order to preserve testimony for trial. Fed. R. Crim. P. 15(a)(1). The court may grant the motion only "because of exceptional circumstances and in the interest of justice." *Id.* "[T]he 'exceptional circumstances' required to justify the deposition of a prospective witness are present if that witness' testimony is material to the case and if the witness is unavailable to appear at trial." *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984). The Second Circuit also has stated: "A movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001); *see also United States v. Menendez*, 2024 WL 2214906, at *1 (S.D.N.Y. May 16, 2024); *United States v. Aguas Oveido*, 2023 WL 6390109, at *2 (S.D.N.Y. Oct. 2, 2023). Depositions should not be used lightly in criminal trials. Live testimony gives the accused "an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." *Barber v. Page*, 390 U.S. 719, 721 (1968) (quoting *Mattox v. United States*, 156 U.S. 237, 242–43 (1895)).

"An order authorizing a deposition to be taken under this rule does not determine its admissibility." Fed. R. Crim. P. 15(f).

The defense opposes the motion on the grounds that the Witness—who is currently in the United States—is not unavailable and no exceptional circumstances exist such that the deposition is required in the interests of justice. Dkt. No. 34 at 3–4. It further argues that the testimony of the Witness would be cumulative, *id.* at 4, and that the deposition would be manifestly unfair to the Defendant because defense counsel would not have adequate time to prepare to cross-examine the witness, *id*. The defense states that although the Government recently made 3500 material available to the defense with respect to the Witness, that material does not include the name of the Witness, his company, the date and alleged amount of the bribes, or the no-bid contracts associated with the bribes, and that the defense does not have 3500 material for the other Government witnesses which it would need in order to be able effectively to cross-examine the Witness. *Id.* at 5–6.

Testimony is relevant and material when it is "highly relevant to a central issue in the case." *Menendez*, 2024 WL 2214906, at *1; *United States v. Htut*, 2023 WL 3222484, at *2 (S.D.N.Y. May 3, 2023). The Government has met its burden to show that the anticipated and requested testimony is material and highly relevant. The Government states that it anticipates that the Witness will testify that he is the owner and operator of a general contracting company and that, while working as a contractor for NYCHA, he made bribe payments to certain superintendents, including to the Defendant, so that the superintendents would give the Witness NYCHA contracting work and process NYCHA payments to the Witness. Dkt. No. 32 at 2. The Witness will also testify that the Defendant delayed processing and signing off on purchase (or

3

work) orders for work that the Witness had already completed for NYCHA and demanded that the Witness pay him money to get the purchase orders processed. *Id.*

The defense argues that Witness's testimony is not material and is cumulative because he is one of four witnesses who will testify to having paid bribes to Defendant. But the testimony is not cumulative in the sense that is meaningful under the Federal Rules. Each of the four contractor witnesses will testify to the bribes that such witness paid to Defendant. Dkt. No. 35 at 3. But the Witness will be the only witness to testify about the bribes that the Witness paid to Defendant, as there are no other eyewitnesses to that conduct. *Id.* The testimony is cumulative only in the sense that it increases the weight of the evidence against Defendant. But that does not make it immaterial or cumulative in a sense that would justify exclusion. *See Int'l Mins. & Res., S.A. v. Pappas,* 96 F.3d 586, 596 (2d Cir. 1996) (describing the issue as whether the testimony is "unnecessarily repetitive"). The Government has satisfied its burden to show that the evidence is material and highly relevant.

However, the government has not met its burden to show that the witness is unavailable. *See United States v. Spencer*, 362 F. App'x 163, 164 (2d Cir. 2010) (summary order) (noting that "the moving party" must establish the relevant factors). "Unavailability is to be determined according to the practical standard of whether under the circumstances the government has made a good-faith effort to produce the person to testify at trial." *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984); *see Ohio v. Roberts*, 448 U.S. 56, 74 (1979); *California v. Green*, 399 U.S. 149, 189 n. 22 (1970) (Harlan, J., concurring). Moreover, "[t]he lengths to which the prosecution must go to produce a witness before it may offer evidence of an extra-judicial declaration is a question of reasonableness." *Green,* 399 U.S. at 189 n. 22 (Harlan, J., concurring).

The prototypical, but by no means exclusive, circumstance in which a witness is unavailable is when he or she is not amenable to service of process. *See Johnpoll*, 739 F.2d at 709 ("[B]eing Swiss nationals in Switzerland, [the witnesses] were not amenable to service of United States process, either by statute or treaty."); *United States v. Alexandre*, 2022 WL 9843495, at *3 (S.D.N.Y. Oct. 17, 2022) (Witnesses in Lithuania and Cyprus "would not be amenable to service of United States process."); *United States v. Epskamp*, 2013 WL 12175097, at *2 (S.D.N.Y. Oct. 3, 2013) (witness in prison in Germany); *United States v. Fargesen*, 2022 WL 4110303, at *3 (S.D.N.Y. Sept. 8, 2022) (witnesses residing in Dubai who were not United States citizens and were "outside the Court's subpoena power"). The courts do not require the Government to take extraordinary measures to secure the presence of the witness before permitting the deposition. *See, e.g.*, *United States v. Vilar*, 568 F. Supp. 2d 429, 439 (S.D.N.Y. 2008) (finding unavailability when the government requested several times that witnesses in the United Kingdom travel at the government's expense to the United States, and the witnesses declined); *Fargesen*, 2022 WL 4110303, at *3 (moving party not required to make extensive efforts when such efforts would be futile under the circumstances).

Here, the Government proffers that the Witness is unavailable because he is traveling to India on the evening of October 25, 2024, where he will remain for the rest of the year for personal family commitments, and that once he is in India, the Government cannot compel him to return to the United States. Dkt. No. 32 at 3. It further notes that the Witness is not a cooperating witness but will testify pursuant to a compulsion order, and it asserts that it cannot compel the witness to remain in the United States. *Id.*

The Government's letter motion was plainly deficient on its face. The Government made no proffer that it had served a trial subpoena on Witness or made any other good-faith effort to produce him at trial.

The Government attempts to cure that deficit in its reply letter in support of the motion by proffering that it served a trial subpoena on Witness on October 10, 2024, before being informed on October 14, 15, and 21 that the Witness was traveling to India before the date of the trial. Dkt. No. 35 at 1. It states that the Witness has asserted that he is unwilling to return to the United States for trial, despite the trial subpoena and even if the Government were to pay for his travel. *Id.* at 1–2. But the Government cannot unring the bell. The Government did not mention any of these discussions in the original letter motion, which was made only two days after the Government was first made aware of the Witness' travel plans. It appears from the timeline that after the Government served the subpoena on the Witness through his counsel, it then simply accepted the representation that the Witness would be traveling and discussed with counsel the alternative of a deposition, without first impressing on the Witness the seriousness of a subpoena, the fact that the Witness had no choice but to appear, that the Government would pay his travel expenses to travel back to the United States, and that the failure willfully to appear could give rise to criminal sanctions. Tellingly, while the Government states that the Witness now states that he is unwilling to travel back to the United States for testimony and would not return to the United States even if the Government paid his expenses, *id.* at 1–2, the Government does not state when the Witness made those statements or even whether the Government actually offered to pay the expenses. It is not surprising that, if given the presumed option of appearing for deposition before his travel as opposed to returning to the United States after he left for India, the Witness opted for the former and stated that he would not return.

A subpoena issued by the Clerk of Court carries the force of law. "[A] subpoena to appear on a particular date imposes on the witness a continuing duty to remain in attendance until excused by the court or by the government's attorney." Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 274; *see also In re Grand Jury Witness*, 835 F.2d 437, 442 (2d Cir. 1987) (noting that the witness had a "continuing duty to obey the . . . subpoena, absent being excused by the district court or the AUSA"). A witness who willfully disobeys is guilty of criminal contempt of court. *See, e.g., United States v. Remini*, 967 F.2d 754, 755 (2d Cir. 1992); *United States v. Snyder*, 413 F.2d 288 (9th Cir. 1969). Serious sanctions can follow. *See Remini*, 967 F.2d at 755 (affirming sentence of 16 months imprisonment for criminal contempt based on refusal to testify); *United States v. Cefalu*, 85 F.3d 964, 969 (2d Cir. 1996) (affirming sentence of 33 months imprisonment for "persistent refusal to testify in violation of a valid court order"); *United States v. Allen*, 73 F.3d 64, 65 (6th Cir. 1995) (affirming sentence of 180 days home imprisonment and $110,000 in costs for witness who purposefully avoided trial subpoena); *United States v. Aguilar*, 45 F. App'x 597, 599 (9th Cir. 2002) (stating that five months imprisonment for refusing to testify is "in line with other sentences imposed for contemptuous conduct"). There is no evidence that the Witness was disposed to disobey the Subpoena before hearing of the option of potentially testifying by deposition. And, aside from counsel's statement, there is no evidence even now that, if the Government offers to pay the travel expenses and if the Witness is faced with the serious consequences that would follow from his disregard of that offer and of the Court's order through the subpoena that he appear at trial, the Witness will simply disregard his legal obligations.

Defense counsel suggests that the Court should deny the motion for a Rule 15 deposition for the sole reason that the Government can secure a material witness warrant pursuant to

18 U.S.C. § 3144, Dkt. No. 34 at 3, and the Government responds that the law does not require the Government to cause the arrest of a witness before it can obtain the right to a subpoena, Dkt. No. 35 at 2.  The Government's argument is correct on its face.  The material witness statute provides that "[n]o material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition." 18 U.S.C. § 3144; *see* Fed. R. Civ. P. 15(a)(2).  The statute thus presumes that, at least in some circumstances, a deposition can stand in the place of a warrant for the arrest of the witness.  But the fact that the Government need not secure a material witness warrant does not mean  that it may obtain the deposition of the Witness based solely on his statement through counsel that he will not obey a subpoena validly served on Witness in the United States.  To come to that conclusion would be to condone disregard of court orders and to provide a ready expedient for anyone who would rather travel than endure the difficult challenge of appearing at trial and staring the accused and the jury in person in the face.  *See Barber*, 390 U.S. at 721–25.

  A court should also consider whether a Rule 15 deposition is "necessary to prevent a failure of justice." *Cohen*, 260 F.3d at 78.  In general, whether a Rule 15 deposition is necessary to prevent a failure of justice depends on the first two factors, but there may also be additional "countervailing factors militating against the taking of the deposition." *Vilar*, 568 F. Supp. 2d at 442 (quoting *United States v. Grossman*, 2005 WL 486735, at *3 (S.D.N.Y. Mar. 2, 2005)).  For example, "[i]t is within the discretion of the trial court to deny [a Rule 15] motion if it is made after unexcused delay." *United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962) (internal citations and quotation marks omitted).

  Here, defense counsel argues that he would not be able to provide effective assistance to the Defendant if the deposition proceeds as the Government requests on October 24, 2024,

before the Witness's scheduled departure on October 25, 2024. Dkt. No. 34 at 4. The Government only uploaded 3500 materials for the Witness on October 18, 2024; it has not yet provided 3500 materials for any of the other witnesses; and the Rule 16 material does not contain many pertinent facts such as the names of the contractor witnesses, the names of the companies associated with the bribes, the dates of the bribes, the amounts of the bribes, and the no-bid contracts associated with the bribes. *Id.* at 5. The Government seeks to take the deposition on a mere nine days' notice from the date of October 15, 2024, when the Government first raised the issue with the defense. *See* Dkt. No. 32 at 3 (stating that the Government raised the Rule 15 request with defense counsel on October 15, 2024). The Government blithely responds that its direct examination of the Witness is expected to take no more than 30 to 40 minutes and that the Defendant would not be entitled under the Jencks Act if the case went to trial for the 3500 material for any witness until that witness completed his direct examination. Dkt. No. 35 at 3.

That response does not meet the defense's objection. The Government had from June 2024, when the case was first scheduled for trial on November 18, 2024, *see* Minute Entry for Proceedings on June 17, 2024, to ask the Witness's counsel whether he would be available for trial. If the Government had raised the issue then, and the Witness had indicated his unavailability for November, the Court would have considered rescheduling the trial for October. The weddings that the Witness is scheduled to attend in India are presumably not new commitments. Defense counsel could have rearranged his schedule to meet an October trial date and to permit the testimony of the Witness in person. There is no evidence that the Government made any effort to ascertain the Witness's availability. That the testimony will only last between 30-40 minutes does not mean it is immaterial to Defendant's liberty. According to the Government, the testimony is highly relevant to whether the Defendant is branded a felon or not.

Dkt. No. 35 at 3 (describing testimony as "critical to the Government's case"). And the fact that the Government would not be obliged to turn over 3500 material until after each of the other witnesses testifies at trial hardly mitigates the prejudice to the Defendant of permitting a deposition before trial under these circumstances. Even if (contrary to the usual practice in this District) the Government were to withhold 3500 material until after the testimony of each of the other witnesses, the defense still would have the benefit of the Government's opening before cross-examining the Witness and, if the late disclosure of 3500 material prevented the defense from effectively conducting that cross-examination, the Court would have the prerogative of granting the defense extra time after the completion of another witness's testimony before forcing the defense to conduct the cross-examination. The untimely nature of the Government's motion provides an additional ground for denial of the motion.

The motion to take a deposition under Rule 15 is DENIED. The parties will appear at for a conference regarding the Government's alternative request for an adjournment of trial until in or after January 2025, Dkt. No. 35 at 4, on October 24, 2024, at 4:00 p.m, in Courtroom 15C, 500 Pearl Street, New York, NY 10007.

The Clerk of Court is respectfully directed to close Dkt. No. 32.

SO ORDERED.

Dated: October 22, 2024
    New York, New York

_____
LEWIS J. LIMAN
United States District Judge