UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- X

UNITED STATES OF AMERICA,

           -v-

HECTOR COLON,

               Defendant.

----------------------------------------------------------------------- X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: __11/8/2024__

24-cr-367 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

      On October 31, 2024, the parties submitted a joint proposed voir dire.  Dkt. No. 37.   The

Court has attached to this Order a planned voir dire based on the proposal by the parties.  The

parties should be prepared to discuss any proposed alterations to the planned voir dire at the

conference on November 12, 2024.

      SO ORDERED.

Dated: November 8, 2024
      New York, New York

_____
              LEWIS J. LIMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | 24 Cr. 367 (LJL) |
| HECTOR COLON, | |
| *Defendant.* | |

## Introduction

We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors. The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial. For this reason, I am going to ask you certain questions. They are not meant to pry unnecessarily into your personal life, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case. If your answer to one of my questions concerns private information, please let me know and we can discuss it out of the hearing of the other potential jurors.

## The Charges

1.      Before I begin, let me tell you a little bit about the case. This is a criminal case. The defendant has been charged with violating certain provisions of the criminal laws of the United States. The charges against the defendant are contained in an Indictment that was voted by a Grand Jury. The Indictment is not evidence itself; instead, it is merely a document that contains certain charges that the Government is required to prove beyond a reasonable doubt.

2.      The defendant in this case is Hector Colon. I will summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

3.      The Indictment alleges that Hector Colon, the defendant, engaged in bribery and extortion in connection with his work as an employee of the New York City Housing Authority, or NYCHA, from at least in or about March 2019 through at least in or about November 2021. Specifically, Colon is alleged to have solicited and accepted bribes in exchange for arranging for certain contractors to receive no-bid contracts or to approve payments on contracts from NYCHA worth a total of tens of thousands of dollars.

4.      In connection with that alleged conduct, the Indictment charges Hector Colon with two criminal charges, or counts. Count One charges that the defendant committed bribery as an agent of an organization receiving federal funds. Count Two charges him with extortion under color of official right.

5.      The defendant denies the charges and has entered a plea of not guilty.

6.      Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described it?

7.      Have you heard anything about this case, in the newspaper, on the radio, on the Internet, on television, in podcasts, or from others?

8.      Do any of you feel, for any reason, that you could not view fairly and impartially a case involving charges such as I have described?

### General Questions

9.      The trial is expected to last approximately one week. The Court expects that the court day will last from about 9:30 a.m. to 5:00 p.m. Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to last that long?

10.     Do you have any difficulty in understanding or reading or speaking English?

11.     Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

12.     Do you have any other medical problems that might interfere with your service as a juror in this case?

### The Parties

13.     As I noted before, the defendant in this case is Hector Colon. [*Please ask the defendant to rise when identified.*] Do any of you know, or have you had any dealings, directly or indirectly, with Mr. Colon, or with any relative, friend or associate of Mr. Colon? To your knowledge, do any of your relatives, friends or associates know Mr. Colon? If yes, how do you know the defendant, or relative, friend or associate of the defendant? Is there anything about that experience that would prevent you from rendering a fair and impartial verdict in this case?

14.     The defendant is represented by his attorney, Thomas Ambrosio. Do any of you know or have you had any dealings with Mr. Ambrosio?

15.     The United States is represented in this case, as in all cases, by the United States Attorney for this District, who is Damian Williams. Appearing on his behalf in this case will be Assistant United States Attorneys Jacob Fiddelman, Catherine Ghosh, and Jane Kim, and Paralegals Jayda Foote and Shirel Garzon. Does any juror know, or has any juror had any dealings, directly or indirectly, with Mr. Williams, Mr. Fiddelman, Ms. Ghosh, Ms. Kim, Ms. Foote, Ms. Garzon, or any other member of the staff of the United States Attorney's Office for the Southern District of New York?

16.     The prosecution will also be assisted in this case by Delcine Doscher, Criminal Investigator with the New York City Department of Investigation. Have you or your family members or close friends had any dealings, either directly or indirectly, with Investigator Doscher

or the New York City Department of Investigation? [*The Government will supplement this question with the names of other agents/agencies, if necessary, shortly before trial.*]

### Other Persons and Entities

17.    During the trial, the Government will present evidence in the form of witness testimony. The Government expects that the following people may be witnesses or may be mentioned in testimony or exhibits. [*The Government will provide the Court with a list of relevant names/witnesses shortly before trial.*] Do any of you know any of the people I have just named?

### Relationship with Government

18.    Do you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York or the New York City Department of Investigation?  If so, is there anything about that association that would prevent you from acting as a fair and impartial juror in this case?

19.    Have you, any member of your family, or any close friend ever been employed by any law enforcement agency – federal, state, or local? Would your dealings with this person prevent you from rendering a fair and impartial verdict here?

20.    Have you, either through any experience or through anything you have seen or read, developed any bias, prejudice, or other feelings for or against the United States Attorney's Office, the New York City Department of Investigation, or any other law enforcement agency?

21.    Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States? Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome? If so, is there

anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

## Prior Jury Service

22.    Have you ever at any time served as a member of a grand jury, whether in the federal, state, or county courts? [*If the answer is "Yes," the Court is respectfully asked to explain that the burden of proof in the grand jury – probable cause – is different from the burden of proof at trial – beyond a reasonable doubt.*]

23.    Have you ever served as a juror in either the state or federal courts?

      a.    If so, when and in what court did you serve? What type of case?

      b.    Without revealing the verdict, did the jury reach a verdict?

      c.    Was there anything about that experience that would impact your ability to sit as a fair and impartial juror in this case?

## Experience as a Witness, Defendant, or Crime Victim

24.    Have you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

25.    Have you ever been a witness or a complainant in any federal or state prosecution? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

26.     Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

27.     Have you, any member of your family, any associate, or close friend, ever been charged with a crime? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

28.     Have you, or have any of your relatives, associates, or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

29.     Have you, or any of your close friends or relatives, ever been a victim of a crime? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

### Case-Specific Questions

30.     During this trial, you will hear evidence regarding Mr. Colon's employment at the New York City Housing Authority, or NYCHA. Have you ever been a resident of a NYCHA building? Do you know, or have any association—professional, business, or social, direct or indirect—with NYCHA or any NYCHA employees?  Have you, any member of your family, or any close friend ever been employed by NYCHA or as an outside contractor for NYCHA? [*If yes: Would your experiences with NYCHA prevent you from rendering a fair and impartial verdict here?*]

31.     Have you, either through any personal experience or through anything you have seen or read, developed any bias, prejudice, or other feelings for or against NYCHA?

32.     Does the fact that the charges involve bribery and extortion, as I described earlier, affect your ability to render a fair verdict?

**Witnesses**

33.     The Government witnesses in this case will include agents and analysts from the U.S. Attorney's Office for the Southern District of New York and New York City Department of Investigation. A law enforcement witness's testimony is not to be given any more or less weight than testimony of any other witness. Would any of you be more or less likely to believe a witness merely because he or she is a law enforcement officer?

34.     Some of the witnesses called by the Government may have been involved in some of the crimes charged in the Indictment. These witnesses have been granted immunity by the Court to compel their testimony at this trial. There is nothing improper about the Government's use of such witnesses. Do any of you have problems with this type of witness such that you may be unable to be fair and impartial? Would you have any bias for or against the Government because of testimony obtained in this manner? I will also instruct you that it is no concern of yours why the Court has granted immunity for these witnesses, and you are not to speculate about the reasons. Would you have any difficulty following my instructions on the law in this regard?

35.     Some of the witnesses will testify in Punjabi, which is a language native to parts of India and Pakistan. These witnesses will be testifying with the assistance of a Punjabi interpreter. Do you speak Punjabi? *[If yes: Would you have any difficulty following the interpreter's translations and not rely on your own knowledge of Punjabi?]* Even if you speak Punjabi, you are obligated under the law to accept as binding the translations as evidence, disregard any potentially different meaning, and give this evidence full and fair consideration along with all the other evidence in the case.  Would you be unwilling or unable to follow the Court's instruction on this

subject?  Is there anything about having certain witnesses testify in Punjabi through an interpreter that would make it difficult for you to render a wholly fair and impartial verdict?

36.     You may hear evidence in this trial of criminal activity committed by people other than Mr. Colon. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the Government or Mr. Colon from that fact. You also may not speculate as to the reason why other persons are not on trial. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

### Evidence

37.     Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique in uncovering evidence of or prosecuting a crime?

### Function of the Court and Jury

38.     The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. In other words, when I give you instructions about the law at the close of this trial, you are required to accept the law as stated and apply it to determine whether or not the defendant is guilty as charged in the Indictment. With this in mind, is there any juror who feels that for any reason he or she is not either willing or able to apply the law as stated by the Court?

39.     Under the law, a defendant is presumed to be innocent.  That presumption of innocence remains with him now, and throughout the trial.  The defendant cannot be found guilty

of the crime charged in a particular count of the Indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count. Would you have difficulty accepting and applying this rule of law?

40.     Do any of you feel that, even if the evidence failed to establish the defendant's guilt beyond a reasonable doubt, you might not be able to render a verdict of not guilty?

41.     The question of punishment is for the Court alone to decide, and the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent. Would you have difficulty accepting and applying this rule of law?

42.     Sympathy or empathy must not enter into the deliberations of the jurors as to guilt or innocence of the defendant, and only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant. Would you have difficulty accepting and applying this rule of law?

43.     It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established Mr. Colon's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

44.     Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

## **Other Biases**

45.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to

serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without

fear, favor, sympathy, bias, or prejudice—and according to the law as it will be explained to you?

46.     It is possible this case may generate some publicity. Does you have any doubt about

your ability to follow my instruction that you should absolutely avoid reading about this case in the

newspapers or on the Internet or listening to any radio or television reports or podcasts concerning

the case until after it is over?

### Juror's Background & Affiliations

47.     Please provide the following background information:

(a)     How old are you?

(b)     What is the county of your residence?

(c)     What is the highest level of schooling you have completed?

(d)     Who else lives in your home with you, if anyone?

(e)     Do you have any children? If so, what are their ages and what do they do?

(f)     How long have you lived at your present address? [*If less than five years,*

*please inquire as to prior residence.*]

(g)     What is your occupation?

(h)     What is your current employment status? [*If retired, please inquire as to*

*former occupation.*]

(i)

(j)     How long have you been employed in your current job? [*If present*

*employment is for less than five years, please inquire as to prior employment.*]

(k)     [*If married or has domestic partner*]: What is your spouse's or partner's

profession, business or occupation? [*If spouse is retired, please inquire as to occupation before*

11

*retirement.*]

      (l)      What newspapers, magazines or websites do you read and how often?

      (m)     What television programs do you regularly watch?

## A.      Wrap-Up

From time to time during the trial it may become necessary for me to talk with the lawyers out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom—what we call a "sidebar"—or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of any conference outside your viewing is not to keep relevant information from you, but to decide certain procedural issues or to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. Now, we will be going to sidebar to discuss the challenges that the parties may have.

*[Return to open court]*

Ladies and gentlemen, if you are not seated on the jury panel, I thank you for your service. Please return your questionnaire and retrieve your jury card from Mr. Fishman.  You can then return to the jury assembly room.

## I.      Second Oath

Mr. Fishman will now swear in the jury.

*[After the oath, the Court will give the following preliminary instructions to the jury.]*

## II.     Preliminary Instructions to the Jury

Members of the jury, now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

### A.      Impartiality

To begin with, you are here to administer justice in this case according to the law and the evidence.  You are to perform this task with complete fairness and impartiality, and without bias, prejudice, or sympathy for or against any of the parties.

### B.    Finding the Facts

It will be your duty to find from the evidence what the facts are.  You and you alone will be the judges of the facts.  You will then have to apply those facts to the law as the Court will give it to you.  You must follow that law whether you agree with it or not.  Nothing the Court may say or do during the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, as well as any facts that the parties agree to or stipulate to or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you.  I will list them for you now:

First, statements, arguments, and questions by lawyers are not evidence.  Nor are my own statements to you evidence.  Only the answers given by the witnesses and the documents admitted as exhibits are evidence.

Second, objections to questions are not evidence.  The lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the Court's ruling on an objection.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Third, testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

Finally, anything you may have seen or heard outside the courtroom is not evidence and

must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

When you are determining the facts, keep in mind that there are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  The word "infer"—or the expression "to draw an inference"—means to find that a fact exists from proof of another fact.  An inference is to be drawn only if it is logical and reasonable to do so, and not by speculation or guesswork.

In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience.  Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.  Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.

Here is an example to help you think about the difference between direct and circumstantial evidence.  Assume that when you came into the Courthouse this morning the sun was shining and it was a nice day outdoors.  Also assume that the courtroom blinds were drawn and you could not look outside.  Assume further that, as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, and because no witness has testified that it is raining, you would have no direct evidence of the fact that it was raining.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason,

experience, and common sense from one established fact the existence or the nonexistence of some other fact. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

### C.      Credibility of Witnesses

One of your most important tasks as jurors is to evaluate the credibility of the witnesses who will testify before you—that is, how truthful and believable they are. Listen carefully as each witness testifies during both direct and cross examination and consider whether the witness is telling the truth. It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

Now, how do you decide what to believe and what not to believe? You are to listen to the witnesses, observe their testimony, and then decide as you would decide such questions in your own life. Did they know what they were talking about? Were they candid, honest, open, and truthful? Did they have a reason to falsify, exaggerate, or distort their testimony? Sometimes it is not what a witness says, but how he or she says it, that may give you a clue as to whether or not to accept that witness's version of an incident or an event as credible or believable.

In short, the way a witness testifies may play an important part in your reaching a judgment as to whether or not you can accept the witness's testimony as reliable.

### D.      Conduct as Jurors

Now, a few words about your conduct as jurors.

First, during the trial, you are not to discuss the case with anyone, nor are you to permit anyone to discuss it with you. This includes posting anything on the Internet about the case, whether it be on personal blogs, Facebook, or Twitter (or "X") or Threads. Until you retire to the jury room at the end of the case to deliberate, you simply are not to talk about this case with

anyone—including your spouse or partner, family, or close friends.  Do not even discuss the case with each other, your fellow jurors, until you begin your actual deliberations at the end of the trial.

Second, please do not, while you are serving as jurors in this trial, have any conversations with the parties, the attorneys, or any witnesses in this case, whether in the courtroom, in the hallways, in the elevators, outside, or anywhere else.  By this, I mean not only to avoid talking about the case; do not talk at all, even to say "good morning" or to acknowledge any of these people.  Someone seeing a juror in conversation with a party, lawyer, or witness might think that something improper was being discussed.  To avoid even the appearance of impropriety, then, avoid any such contact or conversations.  So I can tell you that, when the parties, lawyers, or witnesses pass you in the halls without even acknowledging your presence, they do not mean to be rude—they are simply following my instruction.

Third, do not read or listen to anything outside the courtroom that relates to this case in any way.  Similarly, you are not to allow anyone to speak to you about this case.  If you are approached by anyone to speak about it, politely but firmly tell them that the judge has directed you not to do so.  If any person seeks to contact you about this case, you are required to report the incident promptly to me by sending me a note through my courtroom deputy, Mr. Fishman.

Also, be sure that I am informed if any person that you know comes into this courtroom.  This is a public trial so this could happen.  But it is important that you do not hear from them what may have happened in the court while the jury was not present.  If you should see a friend or relative come into court, please send me a note through Mr. Fishman at your first opportunity.

Fourth, do not try to do any research or make any investigation about the case or the issues presented by this case.  For example, do not go onto the Internet tonight and research any matters

relating to this case. Do not call up your lawyer friends to ask about the type of matters at issue in this case.

Fifth, I know that many of you use cell phones, smart phones, social media, the Internet and other tools of technology. You must not use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, which includes smart phones, through e-mail, text messaging, Twitter, X, Threads, any blog or website, any Internet chat room, or by way of any other social networking websites, including Facebook, LinkedIn, and YouTube.

Finally, do not form any opinion until all the evidence is in. A case can be presented only step by step, witness by witness, until all the evidence is before you. Keep an open mind until you start your deliberations at the end of the case.

### E.    Notes

You are permitted to take notes during the trial. Mr. Fishman has given each of you a notepad and pen. Please write your name on the cover of the pad. If you do take notes, please do so only in these pads.

Remember that any notes you take are for your use only, and they are only to be used as an aid for your memory. Your memory controls. If you do take notes, be careful not to get so involved in taking notes that you are not listening to the evidence. Once you are in your deliberations, if there is a disagreement between one juror's notes and another juror's notes, or between one juror's notes and another juror's recollection, you can ask to have the court reporter read back the testimony, or to have that portion of the transcript sent to you, for it is the official court transcript that controls, not any particular juror's notes.

During the course of the trial, exhibits will be received into evidence. They will be

marked by exhibit number. If there is an exhibit that you are particularly interested in seeing during your deliberations, write down the exhibit number. At the end of trial, as you begin your deliberations, we will provide each of you with a list of all witnesses who testified during the trial, as well as a list of all exhibits that have been received in evidence.

### F.    Course of the Trial

We will begin the trial this afternoon. As I told you earlier, the trial is expected to be done by the end of the week. Let me tell you about the trial day. We will begin each day at 9:00 a.m. Please be on time. To help ensure that we start on time, please be in the jury room by 8:45 a.m. at the latest so that we begin without delay. I will add that a light breakfast will be available in the jury room each morning at 8:30 am. You're not required to take us up on our hospitality, but in my experience, many jurors do. The key thing is that nobody be late. If any of you are late, we will have to wait, for we cannot start unless all of you are here, and all of us—myself, the lawyers, the parties, the witnesses, and your fellow jurors—will have to wait. And if we lose 10 or 20 minutes every day, we may not be able to get the trial completed on time. As to the rest of the trial day, we will take a lunch break around 1:00 p.m. and brief mid-morning and mid-afternoon comfort breaks with refreshments provided for you in the mid-afternoon.

Now, let me tell you how the trial will proceed. First, we will have opening statements. An attorney for the Government will make an opening statement. Then an attorney for the defendant will do so. The opening statements are neither evidence nor argument; they are simply outlines of what the attorneys believe the evidence will show, and they are given to help you follow the evidence as it is presented.

After the opening statements, the Government will present its case. The Government will call its witnesses, and after each witness testifies, counsel for the defendant will have an

opportunity to examine the witness.  If that witness is also one of the witnesses the defendant will call on, the defendant may also examine that witness on matters relevant to its defense, so that the witnesses does not have to testify twice.

Following the Government's case, the Government will rest.  The defendant will then have the opportunity to present a defense case should he choose to do so.  The defendant is under no obligation to present a defense.  The burden remains at all times on the Government to prove the elements of each offense beyond a reasonable doubt.  Should the defendant present a defense case, any remaining defense witnesses will testify, and the Government will have the opportunity to cross-examine them.

After the evidence is completed and all sides have rested, the attorneys will give their summations.  This is the opportunity for the lawyers to summarize the evidence and to give their closing arguments.

Following the summations, I will give you instructions on the law.  You will then, finally, retire to deliberate on your verdict.

You have a tremendously important task as jurors.  It is to determine the facts.  You, and not the Court, are the sole judge of the facts.  The Constitution itself recognizes your unique role in our system of justice.  So please, pay careful attention to the witnesses and evidence received at trial, as well as my instructions on the law.