UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/2024
```

--------------------------------------------------------------------- X
                           :

UNITED STATES OF AMERICA,        :
                           :

           -v-            :          24-cr-367 (LJL)
                           :

HECTOR COLON,             :          <u>ORDER</u>
                           :

               Defendant.     :

                           :
--------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

On October 31, 2024, the parties submitted a joint proposed request to charge. Dkt. No. 38. The Court has attached to this Order a planned charge based on the parties' proposal. The parties should be prepared to discuss any alterations on the first morning of trial.

The Court has also attached an updated version of the voir dire based on discussions at the pretrial conference on November 12, 2024. The updated voir dire reflects changes to the wording of question 33, clarification of the start time for trial, and elimination of redundancy in the section entitled "Conduct as Jurors."

SO ORDERED.

Dated: November 13, 2024
      New York, New York                                  LEWIS J. LIMAN

# Exhibit A: Charge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | 24 Cr. 367 (LJL) |
| HECTOR COLON, | |
| *Defendant.* | |

## I.    Introductory Instructions

You have now heard all of the evidence in the case as well as the final arguments of the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If an attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  And you should know that you're going to be able to take a copy of these instructions into the jury room.

Your final role is to pass upon and decide the fact issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there

1

may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them. I will later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence. The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

2

As I said, in determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. If your recollection of the facts differs from the statements made in opening or closing, you should rely on your recollection. If a statement was made during an opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

A question put to a witness is not evidence. It is only the answer that is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact to be taken as a substitute for your own independent recollection. What I say is not evidence.

Relatedly, do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

In addition, remember that it is the duty of a party to object when the other side offers testimony or other evidence that the party believes is not properly admissible. Therefore, you should draw no inference from the fact that there was an objection to any evidence. An objection is not evidence. Nor should you draw any inference from the fact that I sustained or overruled an objection. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

The personalities and the conduct of counsel are not in any way at issue. If, from their conduct at this trial, you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions

3

should not enter into your deliberations. The only issue is whether the Government has proven each of the elements of the charged offenses beyond a reasonable doubt.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand as equals at the bar of justice.

Now, I will instruct you on the presumption of innocence and the Government's burden of proof in this case. The defendant has pleaded not guilty. By doing so, he denies the charges in the Indictment. Thus, the Government has the burden of proving the charges against the defendant beyond a reasonable doubt. The defendant is presumed innocent. A defendant does not have to prove his innocence. This presumption of innocence was in the defendant's favor at the start of the trial, continued in his favor throughout the entire trial, is in his favor even as I instruct you now, and continues in his favor during the course of your deliberations in the jury room.

The Government has the burden of proof in this case. The presumption of innocence is removed as to the defendant if *and only if* you, as members of the jury, are satisfied that the Government has sustained its burden of proving the guilt of the defendant beyond a reasonable doubt.

The question that naturally arises is, "What is a reasonable doubt?" A reasonable doubt is a doubt based on your reason, your judgment, your experience, and your common sense. It is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt founded in reason and arising out of the evidence in the case—or the lack of evidence.

4

Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proven with mathematical certainty.  The Government's burden is to establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a prudent person would not hesitate to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict.  On the other hand, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the defendant's guilt—in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs—then you have a reasonable doubt, and in that circumstance it is your duty to acquit.

There are two types of evidence that you may properly use in deciding whether the defendant is guilty or not guilty of the crimes with which he is charged.

One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses.  The second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining, and it was a

nice day outside.  Also assume that the courtroom shades were drawn, and you could not look outside.  Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

Many material facts, such as a person's state of mind, are not easily proven by direct evidence.  Usually, such facts are established by circumstantial evidence and the reasonable inferences you draw.  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction between direct and circumstantial evidence.  The law simply requires that before convicting a defendant, you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

During the trial you may have heard the parties use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  An inference is a deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by

6

either direct or circumstantial evidence.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.  In drawing inferences, you should exercise your common sense. You are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

Some witnesses testified in English and others testified in Punjabi.  With respect to witnesses that testified in Punjabi, the English translations are the evidence.  You may not rely on your own interpretation of the Punjabi, even if you understand Punjabi. The English translation is the evidence of what was said in Punjabi.

[IF APPLICABLE Some of the exhibits admitted into evidence include redactions of certain information.  "Redacted" means that part of the document was taken out.  There is nothing unusual or improper about such redactions.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

[IF APPLICABLE In this case you have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact or set of facts are true, and you must regard such agreed facts as true.  It is for you to determine the effect or weight to give those agreed-upon facts.

If certain testimony or evidence was received for a limited purpose, you must follow the

7

limiting instructions I have given and use the evidence only for the purpose I indicated.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  As I told you at the beginning of this case, you must not conduct any independent research about this case, the matters in this case, and the parties involved in the case.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, social media platforms, or use any other electronic tools to obtain information about this case or to help you decide the case.  You must not visit any location mentioned in this case for the purpose of investigating it.  Please do not try to find out information from any source outside the confines of this courtroom.

You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through email, instant messaging, text messaging, through any blog or website, through any internet chat room, or by way of any other social networking platforms, including Facebook, Twitter (or "X"), Instagram, Threads, LinkedIn, Snapchat, TikTok, and YouTube.

If you become aware that any other juror is violating or has violated this instruction, you should immediately bring it to my attention through my Courtroom Deputy, Mr. Fishman, but please do not make it known to any other jurors.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the

defendant's race, religion, national origin, sex, or age.  As I have explained to you, all persons are entitled to the presumption of innocence, and the Government has the burden of proof.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

I also caution you that, under your oath as jurors, you cannot allow to enter into your deliberations any consideration of the punishment that may be imposed upon the defendant if he is convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the court, and the issue of punishment may not affect your deliberations as to whether the Government has proven the defendant's guilt beyond a reasonable doubt.

Under your oath as jurors, you are not to be swayed by sympathy.  I must make clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: has the Government proven the guilt of the defendant beyond a reasonable doubt?

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to return a verdict of not guilty.  But, on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to return a verdict of guilty.

The defendant, Hector Colon, has been formally charged in an Indictment.  An indictment is not evidence.  As I instructed you at the outset of this case, the Indictment is a charge or

accusation.  It merely describes the charges made against a defendant.  An indictment is a formal method of bringing a case into court for trial and determination by a jury.  It creates no presumption that a crime was committed, and no inference of any kind may be drawn from an indictment.  You may not consider an indictment as any evidence of the defendant's guilt.  The fact that the defendant is the subject of this Indictment and is on trial here may not be used against him in any way whatsoever.

Before you begin your deliberations, you will be provided with a copy of the Indictment.  I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

The Indictment contains two counts.  Each count charges a separate offense or crime.  You must, therefore, consider each count separately and you must return a separate verdict on each count.

## II.    Count One: Solicitation or Receipt of a Bribe as Agent of Federally Funded Program

Let me turn now to Count One of the Indictment, which charges the defendant with soliciting or accepting bribes in connection with his position as an agent of a federally funded program — here, the New York City Housing Authority ("NYCHA") — from in or about 2015 through in or about March 2021.

To sustain its burden of proof with respect to Count One, the government must prove beyond a reasonable doubt each of the following five elements:

<u>First</u>, that at the time alleged in the Indictment, the defendant was an agent of NYCHA;

<u>Second</u>, that NYCHA received federal benefits in excess of $10,000 from the United States government within a one-year period;

10

Third, that the defendant solicited, demanded, accepted, or agreed to accept something of value from another person;

Fourth, that the defendant acted corruptly with the intent to be influenced or rewarded with respect to business, a transaction, or multiple transactions of NYCHA; and

Fifth, that the value of the business, transaction, or series of transactions to which the payments related was at least $5,000.

I will now explain each of those elements to you in greater detail.

### 1.    First Element: Agent of NYCHA

The first element the government must prove is that the defendant was an agent of NYCHA at the time alleged in the Indictment.

An "agent" is a person authorized to act on behalf of another person, organization or government. Employees, including building superintendents and assistant superintendents, all are agents of the organization by which they are employed.

### 2.    Second Element: NYCHA Received Federal Funds

The second element the government must prove is that NYCHA received federal benefits in excess of $10,000 within a one-year period. That one-year period can be any one of the twelve month periods between approximately March 2019 and approximately November 2021, and the one year period must have begun no more than 12 months before the defendant committed the alleged offense and ended no more than 12 months after he committed the alleged offense. And a twelve month period for this purpose may begin in any month during that 2019 to 2021 period. It does not have to begin in a month of January.

To prove this element, the government must establish that NYCHA received, during at least one 12 month period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or some other form of federal assistance.

The government does not have to prove that the defendant had the authority to administer these federal benefits.  Nor does the government have to prove any connection between the unlawful payments alleged to have been made to and received by the defendant in this case and the federal funding that NYCHA allegedly received.

### 3.    Third Element: Solicitation or Acceptance of Something of Value

The third element the government must prove is that, during the one-year period that NYCHA received federal benefits in excess of $10,000, the defendant accepted, agreed to accept, solicited, or demanded something of value for herself or for another person.

The statute makes no distinction among accepting, agreeing to accept, soliciting, or demanding a bribe, payment, or other thing of value.  Soliciting or demanding a bribe or payment is just as much a violation of the statute as actually receiving one.  Moreover, you need not find that the defendant did all of these things.  If you find that the evidence proves that the defendant did at least one of these things, then this element will have been satisfied.

Money of course is a "thing of value."   But the payment or "thing of value" required by this element does not include *bona fide* salary, wages, fees, or other compensation paid in the usual course of business.

### 4.    Fourth Element: Corrupt Intent in Connection with Transaction

The fourth element the government must prove is that the defendant accepted, agreed to

accept, solicited, or demanded something of value corruptly and with the intent to be influenced or rewarded in connection with some business, transaction, or series of transactions of NYCHA.

To act corruptly means simply to act voluntarily and intentionally with an improper motive or purpose to be influenced or rewarded. This involves conscious wrongdoing, or as it sometimes has been expressed, having a bad state of mind.

To satisfy this element, the government must prove the existence of a *quid pro quo*. *Quid pro quo* is simply a Latin phrase meaning "this for that" or "these for those." Thus, the government must prove that the defendant intentionally accepted, agreed to accept, solicited, or demanded a thing of value in exchange for being influenced in connection with some business, some transaction, or a number of transactions of NYCHA.

A *quid pro quo* must be clear and unambiguous. But at the same time, it is not necessary that the defendant or the person making the payment state the *quid pro quo* in express terms. Rather, it can be implied from words and actions, so long as you find that the defendant understood at the time that a thing of value was being exchanged for her actions or influence on behalf of NYCHA.

In considering this element, remember that it is the defendant's intent at least in part to be influenced or rewarded that is important, not the subsequent actions of the defendant or NYCHA. Thus, the government does not have to prove that the defendant received a bribe or that he actually acted or was influenced in acting on behalf of NYCHA. It is not even necessary for the defendant to have had the authority to perform the act sought. The government will have met its burden with respect to this element if you find that the defendant acted with intent to be influenced or rewarded when he accepted, agreed to accept, solicited, or demanded the alleged

13

bribe.  However, if you find only that the defendant later accepted a thing of value for an action

that he <u>already</u> had taken before any such reward was solicited, demanded, agreed to, or

accepted, then the government will not have met its burden with respect to this element.  In

addition, the defendant's intent to be influenced or rewarded in connection with the following

types of actions, without more, is not sufficient to establish this element: setting up a meeting,

hosting an event, talking to another official, or sending a subordinate to a meeting.  You may,

however, consider any evidence that the defendant took those actions as evidence of a corrupt

agreement, even though on its own it would not be sufficient.

### 5.    Fifth Element: Value of Transaction

The fifth element the government must prove is that the value of the business,

transaction, or transactions to which any allegedly corrupt payments related totaled at least

$5,000.

The government is not required to prove that the defendant received at least $5,000. It is

the <u>aggregate</u> value of the business, transaction, or transactions to which any alleged payments

related that is important for the purposes of this element.

*    *    *

In sum, if you find that the government has proven beyond a reasonable doubt all five

elements of the crime charged in Count One, then you should find the defendant guilty on Count

One and mark "Guilty" on the verdict form.  However, if you find that the government has not

met its burden with respect to any one of these elements, then you must find the defendant not

guilty on Count One and mark "Not Guilty" next to Count One on the verdict form.  Regardless

14

of your answer, you will then proceed to Count Two.

### III.    Count Two: Extortion Under Color of Official Right

Count Two of the Indictment charges the defendant with extortion under color of official right from in or about March 2019 through in or about November 2021.

Extortion under color of official right is the use of one's position as a public official,  a public employee, or the authority of public office, to obtain money or services for one's self or for another person that is not legitimately due, while knowing that the thing of value was made in return for official acts.  In the context of extortion under color of official right, it is the public officer's official power that supplies the necessary element of coercion, and the wrongful use of official power need not be accompanied by actual or threatened force, violence, or fear.

With respect to Count Two, the government must prove beyond a reasonable doubt the following four elements.

First, that the defendant was a public official, or held public office, during the relevant period of time;

Second, that the defendant obtained property or services for herself or for someone else that was not legitimately due to him as a public official;

Third, that the defendant was given this property or service with the consent of the giver in exchange for official action by the defendant, and that the defendant knew that the property was given in exchange for official action; and

Fourth; that interstate commerce or an item moving in interstate commerce was delayed, obstructed, or affected in any way or degree.

15

### 1. First Element: Defendant Was a Public Official

The first element that the government must prove is that, at the time of the events charged in the Indictment, the defendant was a public official, or held public office. The term "public official" extends to any person who exercises official powers, regardless of whether those powers were conferred by election, appointment, or some other method. It includes employees of state and local governments and government agencies.

### 2. Second Element: Obtaining Property Not Due to Public Official

The second element that the government must prove is that the defendant obtained property for himself or for another person that was not legitimately owed to him or to his office — that is, that was not legitimately owed to the defendant in his capacity as a NYCHA employee. The term "property" includes money and tangible or intangible things of value that are capable of being transferred, or capable of being given from one person to another.

The government does not have to prove that the property was given to the defendant directly or that it personally benefitted the defendant. However, the government *does* have to prove that the goods or services obtained were not due or owing to the office that the defendant represented.

### 3. Third Element: Misuse of Position in Exchange for Official Action

The third element the government must prove is that is that the defendant used the authority of his public office to obtain the property for himself or for another person and that the property was given, at least in part, in exchange for official action by the defendant.

This element again requires the existence of a *quid pro quo*. To prove a *quid pro quo* for

this element, the government must prove that the defendant obtained the property to which he was not entitled by virtue of his public office, knowing that it was given in exchange for official acts. The government must prove also that the party giving the property was motivated, at least in part, by the expectation that, as a result of the payment, the defendant would perform or decline to perform official acts for the benefit of that party, and that the defendant was aware of that party's motivation.

Recall that it is not necessary that the *quid pro quo* be stated in express terms. A *quid pro quo* can be implied from words and actions, because otherwise the law's effect could be frustrated by knowing winks and nods. But a *quid pro quo* nonetheless must be clearly and unambiguously made.

This element can be satisfied even if the party giving the payment initiated the *quid pro quo* and even if that party and the defendant had a friendly or prior relationship. If you find that to be the case, however, that is a factor that you should consider in deciding whether the party giving the payment and the defendant intended to enter into a *quid pro quo*. The government's burden is to prove that the promise or performance of officials acts was at least a part of the motivation for the other party to give over the payment and at least part of what the defendant understood was motivating the other party. Thus, if you find that the transfer or acceptance of payment was for entirely different reasons — such as stemming from friendship or any other innocent reason — then this element will not have been proven.

The government does not need to prove that the defendant could have performed or actually did perform any specific official act on behalf of the party giving the property. A public official need not have actual or final authority over the official act sought by a payor as long as the payor reasonably believed that the public official had influence, power, or authority over the

17

official act sought by the payor and paid based, at least in part, on that belief.  If the defendant did take official action on behalf of the payor, it is not a defense if the actions he took were desirable or beneficial or that he would have taken the same action regardless of the receipt of the property from the other party.  The extortion laws are concerned with the manner in which public officials take or agree to take official action, not with whether the official actions are good or bad.

I have mentioned several times that Count Two involves payments in exchange for "official action" or an "official act."  An official act means any decision or action on a specific matter that may at any time be pending or that may by law be brought before any public official in his or her official capacity.  An official act must involve a decision or action on a specific question or matter.  Thus, you must find that two distinct requirements are met to find an official act.  First, there must be a question or matter pending before a public official.  Second, there must be a decision or action on that question or matter.

The question or matter must involve a formal exercise of governmental power.  That is, it must be something specific and focused that is pending or may by law be brought before any public official, but not necessarily the official who is alleged to have demanded, received, or accepted property.  "May by law be brought" means something within the specific duties of an official's position — the function conferred by the authority of that official's office.  It also means that the question or matter must be something relatively circumscribed and concrete.

To qualify as an official act, the public official must make a decision or take an action on the applicable question or matter or agree to do so.  The decision or action does not need to be specifically described in any law, rule, or job description to be considered to be an official act.  The decision or action may include using one's official position to exert pressure or provide advice to another, knowing or intending that such pressure or advice will form the basis for an

official act by another.  However, not every action taken by a public official qualifies as an official act.  Some examples of actions that are not, without more, official acts are setting up a meeting, talking with a lobbyist, organizing an event, or expressing support for an action, decision, or idea.  But that is not to say that sort of activity is not relevant.  For example, such activity may be evidence of an agreement to take official acts or to advise or pressure another official to take official acts.

### 4.      Fourth Element: Effect on Interstate Commerce

The fourth element the government must prove is that the defendant's action or an action that he caused affected or could affect interstate commerce in any way or degree.  If you decide that the defendant obtained property under color of official right, you then must decide whether this action did affect, or would have affected, commerce between any two or more states, or between a state and the District of Columbia.  "Commerce between two or more states" just means that items are bought and sold by entities located in different states or between a state and the District of Columbia.

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element.  The effect can be minimal.  For example, if property or payment obtained by a defendant depleted the funds available to a payor for the purchase of goods or supplies that went through interstate commerce, that would suffice.  Even a potential or subtle effect on commerce will suffice.

You do not have to decide whether the effect on interstate commerce was harmful or beneficial to a particular person or business, or to commerce in general.  Moreover, a defendant need not have intended or anticipated an effect on interstate commerce.  You may find that this element is satisfied if the effect on interstate commerce would have been a natural consequence of

the actions he agreed with others to undertake.

*    *    *

In sum, if you find that the government has proven beyond a reasonable doubt all four elements of the crime charged in Count Two, then you should find the defendant guilty on Count Two and mark "Guilty" on the verdict form.  However, if you find that the government has not met its burden with respect any one of these elements, then you must find the defendant not guilty on Count Two and mark "Not Guilty" next to Count Two on the verdict form.

### F.    Variance in Dates

You will note that the Indictment alleges that certain acts occurred on or about various dates.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

## IV.    Additional Instructions

I'm now going to briefly discuss evaluating the credibility of witnesses.

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable or credible each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.  How do you judge the credibility of witnesses?  There is no magic formula.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in light of

20

all other testimony and evidence, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. You should use your common sense, your good judgment, and your everyday experiences in life to make credibility determinations.

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which commends itself to your belief or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at trial is truthful in whole or in part.

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth.  It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony.  You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

[IF APPLICABLE You have heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be made aware of the subjects that he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such consultation.  Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

[IF APPLICABLE You have heard the testimony of a law enforcement official.  The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  In this context, the defendant is allowed to try to attack the credibility of

such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case. It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

[IF APPLICABLE Similarly, you have heard the testimony of government employees. The fact that they are employed by the government does not mean that their testimony is deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness. At the same time, in considering the credibility of such witnesses, you are entitled to consider whether their testimony may be colored by personal or professional interests in the outcome of the case. It is your decision, after reviewing all the evidence, whether to accept the testimony of these government employee witnesses, and to give that testimony whatever weight, if any, that you find it deserves.

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. Keep in mind that the burden of proof is always on the Government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent. At the same time, the Government is not required to prove the essential elements of either offense by any particular number of witnesses. The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of the essential elements of the offense you are considering if you believe that the witness has truthfully and accurately related what they have told you.

[IF APPLICABLE The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the

23

Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not speculate as to why the defendant did not testify. There are many reasons why a defendant may decide not to testify. You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

[IF APPLICABLE In this case, the defendant did testify, and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness.

[IF APPLICABLE You have heard the names of several people during the course of the trial who did not appear here to testify and one or more of the attorneys may have referred to their absence. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. However, the Government bears the burden of proof; the defendant does not. Therefore, you should not draw any inferences or reach any conclusions as to what these persons would have testified to had they been called. Their absence should not affect your judgment in any way.

You have also heard the testimony of witnesses who testified under grants of immunity from this Court. What this means is that the testimony of the witnesses may not be used against them in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this Court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this Court and that you may convict the defendant on the basis

24

of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with great care. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests. If, after a careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should give it such weight as you believe it deserves.

It is no concern of yours why a witness received court-ordered immunity. Your sole concern is whether the witness has given truthful testimony in this trial. That is a determination entirely for you, the jury.

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

You have heard reference to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the Government prove its case through any particular means. Although you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern. Your concern is to determine whether, on the evidence or lack of evidence, a defendant's guilt has been proven beyond a reasonable doubt.

[IF APPLICABLE You have heard testimony and seen evidence during the trial that NYCHA allegedly had internal policies prohibiting employees from requesting or accepting money in exchange for awarding contracts, and that the defendant allegedly was made aware of these policies and signed documents stating that he understood his obligations.

This evidence may be considered by you solely for the purpose of assessing the defendant's knowledge and state of mind. It may not be considered for any other purpose. In particular, the defendant is not on trial for, and may not be convicted of, allegedly violating NYCHA's internal policies. He is on trial only for the two specific federal crimes that are alleged in the Indictment, the elements of which I have already explained to you.

You have heard testimony or seen evidence regarding *other* NYCHA employees who allegedly solicited and/or accepted bribes from contractors in exchange for awarding contracts. This evidence is to be considered by you solely for the purpose of showing the contractor witnesses' knowledge and understanding relating to the alleged solicitation and acceptance of bribes by NYCHA employees other than the defendant, or to help you understand why the contractors in question behaved as they did in their interactions with the defendant. It may not be considered for any other purpose.

Let me remind you that the defendant is not on trial for any conduct committed by other NYCHA employees — he is on trial solely for the crimes charged against him in the Indictment. Accordingly, you may not convict him for any crimes that other NYCHA employees may have committed. And you may not consider the testimony of bribes solicited or accepted by other NYCHA employees as evidence that Mr. Colon, too, was soliciting or accepting bribes.

Your function now is to weigh the evidence in this case and to determine if the Government has sustained its burden of proof with respect to each count of the Indictment.

You must base your verdict solely on the evidence, and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  Both sides are entitled to a fair trial.  You are to make a fair and impartial decision so that you come to a just verdict.

## V.    Instructions Regarding Deliberations

You are about to go into the jury room and begin your deliberations.  A list of exhibits that were received into evidence will be provided to you in the jury room.  If you want any of the testimony read back to you, you may also request that.  If you want to see an exhibit or if you want testimony read back to you, please try to be as specific as you possibly can so that we can identify the correct exhibit and because, in the case of testimony, the court reporter will have to look through the transcript, and the parties will have to agree on what portions of testimony may be called for in response to your request, and if they disagree, I must resolve those disagreements.  If you have any questions regarding my instructions to you, you should also send me a note.

Your requests for exhibits or testimony—in fact any communications with the Court— should be made to me in writing, signed by your foreperson, and given to one of the marshals or

the court security officer.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.  Finally, your notes are not to substitute for your recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of the testimony, you may—as I just told you—request that the official trial transcript that has been made of these proceedings be read back to you.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and follow my instructions on the law.

When you are deliberating, all twelve jurors must be present in the jury room.  A group of fewer than twelve jurors is just an assemblage of persons; it is not a jury.  If a juror is absent, you must stop deliberations.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs for

the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands.  If you reach a verdict do not report what it is until you are asked in open court.

I have prepared a verdict form for you to use in guiding your deliberation and recording your decision.  Please use that form to report your verdict.

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson, and then send out a note indicating whom you have chosen.

The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal or court security officer that the jury has reached a verdict, and you will come into open court and give the verdict.

After you have reached a verdict, your foreperson will fill in and date the form that has been given to you.  All jurors must sign the form reflecting each juror's agreement with the verdict.  The foreperson should then advise the marshal or court security officer outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

At this time, the first twelve jurors will begin their deliberations in the case.  The final two —who are alternates—won't deliberate at this time.  Nevertheless, the alternate jurors are not quite

excused.  While the jury conducts its deliberations, you do not have to be in court, but you should give Mr. Fishman phone numbers where you can be reached, because it is possible that one or both of you could be needed to deliberate if a juror is unable to continue.  Mr. Fishman will call you when deliberations are completed so that you will know you are completely finished.

Between now and then, you must continue to observe all the restrictions I have instructed you on throughout the trial.  That is, you must not discuss this case with anyone, including your fellow alternate juror, the other jurors, other people involved in the trial, members of your family, friends, co-workers, or anyone else.  And until a verdict is reached, as I have already instructed, you may not communicate with anyone about the case in any way.  If anyone approaches you and tries to talk to you about the case, please report that to me, through Mr. Fishman, immediately.

Do not listen to or watch or read any news reports concerning this trial if there were to be any; do not do any research on the Internet or otherwise.  The reason for this of course is that should you be asked to participate in reaching a verdict in this case, the only information you will be allowed to consider is what you learned in this courtroom during the trial.  Please accept my heartfelt gratitude for your service.

I'm sorry that you will likely miss the experience of deliberating with the jury, but the law provides for a jury of twelve persons in this case.  So before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start.  Without discussing the case, you may also say your goodbyes to your fellow jurors.

*     *     *

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

# Exhibit B: Voir Dire

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>HECTOR COLON,<br><br>        *Defendant.* | 24 Cr. 367 (LJL) |

**<u>Introduction</u>**

      We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors. The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial. For this reason, I am going to ask you certain questions. They are not meant to pry unnecessarily into your personal life, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case. If your answer to one of my questions concerns private information, please let me know and we can discuss it out of the hearing of the other potential jurors.

**<u>The Charges</u>**

      1.      Before I begin, let me tell you a little bit about the case. This is a criminal case. The defendant has been charged with violating certain provisions of the criminal laws of the United States. The charges against the defendant are contained in an Indictment that was voted by a Grand Jury. The Indictment is not evidence itself; instead, it is merely a document that contains certain charges that the Government is required to prove beyond a reasonable doubt.

2.      The defendant in this case is Hector Colon. I will summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

3.      The Indictment alleges that Hector Colon, the defendant, engaged in bribery and extortion in connection with his work as an employee of the New York City Housing Authority, or NYCHA, from at least in or about March 2019 through at least in or about November 2021. Specifically, Colon is alleged to have solicited and accepted bribes in exchange for arranging for certain contractors to receive no-bid contracts or to approve payments on contracts from NYCHA worth a total of tens of thousands of dollars.

4.      In connection with that alleged conduct, the Indictment charges Hector Colon with two criminal charges, or counts. Count One charges that the defendant committed bribery as an agent of an organization receiving federal funds. Count Two charges him with extortion under color of official right.

5.      The defendant denies the charges and has entered a plea of not guilty.

6.      Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described it?

7.      Have you heard anything about this case, in the newspaper, on the radio, on the Internet, on television, in podcasts, or from others?

8.      Do any of you feel, for any reason, that you could not view fairly and impartially a case involving charges such as I have described?

### General Questions

9.      The trial is expected to last approximately one week. The Court expects that the court day will last from about 9:30 a.m. to 5:00 p.m. Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to last that long?

10.    Do you have any difficulty in understanding or reading or speaking English?

11.    Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

12.    Do you have any other medical problems that might interfere with your service as a juror in this case?

### The Parties

13.    As I noted before, the defendant in this case is Hector Colon. [*Please ask the defendant to rise when identified.*] Do any of you know, or have you had any dealings, directly or indirectly, with Mr. Colon, or with any relative, friend or associate of Mr. Colon? To your knowledge, do any of your relatives, friends or associates know Mr. Colon? If yes, how do you know the defendant, or relative, friend or associate of the defendant? Is there anything about that experience that would prevent you from rendering a fair and impartial verdict in this case?

14.    The defendant is represented by his attorney, Thomas Ambrosio. Do any of you know or have you had any dealings with Mr. Ambrosio?

15.    The United States is represented in this case, as in all cases, by the United States Attorney for this District, who is Damian Williams. Appearing on his behalf in this case will be Assistant United States Attorneys Jacob Fiddelman, Catherine Ghosh, and Jane Kim, and Paralegals Jayda Foote and Shirel Garzon. Does any juror know, or has any juror had any dealings, directly or indirectly, with Mr. Williams, Mr. Fiddelman, Ms. Ghosh, Ms. Kim, Ms. Foote, Ms. Garzon, or any other member of the staff of the United States Attorney's Office for the Southern District of New York?

16.    The prosecution will also be assisted in this case by Delcine Doscher, Criminal Investigator with the New York City Department of Investigation. Have you or your family members or close friends had any dealings, either directly or indirectly, with Investigator Doscher

or the New York City Department of Investigation? [*The Government will supplement this question with the names of other agents/agencies, if necessary, shortly before trial.*]

### Other Persons and Entities

17.    During the trial, the Government will present evidence in the form of witness testimony. The Government expects that the following people may be witnesses or may be mentioned in testimony or exhibits. [*The Government will provide the Court with a list of relevant names/witnesses shortly before trial.*] Do any of you know any of the people I have just named?

### Relationship with Government

18.    Do you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York or the New York City Department of Investigation?  If so, is there anything about that association that would prevent you from acting as a fair and impartial juror in this case?

19.    Have you, any member of your family, or any close friend ever been employed by any law enforcement agency – federal, state, or local? Would your dealings with this person prevent you from rendering a fair and impartial verdict here?

20.    Have you, either through any experience or through anything you have seen or read, developed any bias, prejudice, or other feelings for or against the United States Attorney's Office, the New York City Department of Investigation, or any other law enforcement agency?

21.    Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States? Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome? If so, is there

anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

### **Prior Jury Service**

22.    Have you ever at any time served as a member of a grand jury, whether in the federal, state, or county courts? [*If the answer is "Yes," the Court is respectfully asked to explain that the burden of proof in the grand jury – probable cause – is different from the burden of proof at trial – beyond a reasonable doubt.*]

23.    Have you ever served as a juror in either the state or federal courts?

      a.    If so, when and in what court did you serve? What type of case?

      b.    Without revealing the verdict, did the jury reach a verdict?

      c.    Was there anything about that experience that would impact your ability to sit as a fair and impartial juror in this case?

### **Experience as a Witness, Defendant, or Crime Victim**

24.    Have you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

25.    Have you ever been a witness or a complainant in any federal or state prosecution? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

26.     Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

27.     Have you, any member of your family, any associate, or close friend, ever been charged with a crime? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

28.     Have you, or have any of your relatives, associates, or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

29.     Have you, or any of your close friends or relatives, ever been a victim of a crime? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

## Case-Specific Questions

30.     During this trial, you will hear evidence regarding Mr. Colon's employment at the New York City Housing Authority, or NYCHA. Have you ever been a resident of a NYCHA building? Do you know, or have any association—professional, business, or social, direct or indirect—with NYCHA or any NYCHA employees?  Have you, any member of your family, or any close friend ever been employed by NYCHA or as an outside contractor for NYCHA? [*If yes: Would your experiences with NYCHA prevent you from rendering a fair and impartial verdict here?*]

31.     Have you, either through any personal experience or through anything you have seen or read, developed any bias, prejudice, or other feelings for or against NYCHA?

32.    Does the fact that the charges involve bribery and extortion, as I described earlier, affect your ability to render a fair verdict?

**Witnesses**

33.    The Government witnesses in this case may include agents and analysts from the U.S. Attorney's Office for the Southern District of New York and New York City Department of Investigation. A law enforcement witness's testimony is not to be given any more or less weight than testimony of any other witness. Would any of you be more or less likely to believe a witness merely because he or she works in law enforcement?

34.    Some of the witnesses called by the Government may have been involved in some of the crimes charged in the Indictment. These witnesses have been granted immunity by the Court to compel their testimony at this trial. There is nothing improper about the Government's use of such witnesses. Do any of you have problems with this type of witness such that you may be unable to be fair and impartial? Would you have any bias for or against the Government because of testimony obtained in this manner? I will also instruct you that it is no concern of yours why the Court has granted immunity for these witnesses, and you are not to speculate about the reasons. Would you have any difficulty following my instructions on the law in this regard?

35.    Some of the witnesses will testify in Punjabi, which is a language native to parts of India and Pakistan. These witnesses will be testifying with the assistance of a Punjabi interpreter. Do you speak Punjabi? *[If yes: Would you have any difficulty following the interpreter's translations and not rely on your own knowledge of Punjabi?]* Even if you speak Punjabi, you are obligated under the law to accept as binding the translations as evidence, disregard any potentially different meaning, and give this evidence full and fair consideration along with all the other evidence in the case.  Would you be unwilling or unable to follow the Court's instruction on this

7

subject?  Is there anything about having certain witnesses testify in Punjabi through an interpreter that would make it difficult for you to render a wholly fair and impartial verdict?

36.    You may hear evidence in this trial of criminal activity committed by people other than Mr. Colon. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the Government or Mr. Colon from that fact. You also may not speculate as to the reason why other persons are not on trial. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

**Evidence**

37.    Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique in uncovering evidence of or prosecuting a crime?

**Function of the Court and Jury**

38.    The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. In other words, when I give you instructions about the law at the close of this trial, you are required to accept the law as stated and apply it to determine whether or not the defendant is guilty as charged in the Indictment. With this in mind, is there any juror who feels that for any reason he or she is not either willing or able to apply the law as stated by the Court?

39.    Under the law, a defendant is presumed to be innocent.  That presumption of innocence remains with him now, and throughout the trial.  The defendant cannot be found guilty

of the crime charged in a particular count of the Indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count. Would you have difficulty accepting and applying this rule of law?

40.    Do any of you feel that, even if the evidence failed to establish the defendant's guilt beyond a reasonable doubt, you might not be able to render a verdict of not guilty?

41.    The question of punishment is for the Court alone to decide, and the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent. Would you have difficulty accepting and applying this rule of law?

42.    Sympathy or empathy must not enter into the deliberations of the jurors as to guilt or innocence of the defendant, and only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant. Would you have difficulty accepting and applying this rule of law?

43.    It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established Mr. Colon's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

44.    Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

## Other Biases

45.    In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to

serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice—and according to the law as it will be explained to you?

46.    It is possible this case may generate some publicity. Does you have any doubt about your ability to follow my instruction that you should absolutely avoid reading about this case in the newspapers or on the Internet or listening to any radio or television reports or podcasts concerning the case until after it is over?

### **Juror's Background & Affiliations**

47.    Please provide the following background information:

(a)    How old are you?

(b)    What is the county of your residence?

(c)    What is the highest level of schooling you have completed?

(d)    Who else lives in your home with you, if anyone?

(e)    Do you have any children? If so, what are their ages and what do they do?

(f)    How long have you lived at your present address? [*If less than five years, please inquire as to prior residence.*]

(g)    What is your occupation?

(h)    What is your current employment status? [*If retired, please inquire as to former occupation.*]

(i)

(j)    How long have you been employed in your current job? [*If present employment is for less than five years, please inquire as to prior employment.*]

(k)    [*If married or has domestic partner*]: What is your spouse's or partner's profession, business or occupation? [*If spouse is retired, please inquire as to occupation before*

*retirement.*]

        (l)       What newspapers, magazines or websites do you read and how often?

        (m)     What television programs do you regularly watch?

## A.    Wrap-Up

From time to time during the trial it may become necessary for me to talk with the lawyers out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom—what we call a "sidebar"—or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of any conference outside your viewing is not to keep relevant information from you, but to decide certain procedural issues or to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. Now, we will be going to sidebar to discuss the challenges that the parties may have.

*[Return to open court]*

Ladies and gentlemen, if you are not seated on the jury panel, I thank you for your service. Please return your questionnaire and retrieve your jury card from Mr. Fishman.  You can then return to the jury assembly room.

## I.    Second Oath

Mr. Fishman will now swear in the jury.

*[After the oath, the Court will give the following preliminary instructions to the jury.]*

## II.    Preliminary Instructions to the Jury

Members of the jury, now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

### A.    Impartiality

To begin with, you are here to administer justice in this case according to the law and the evidence.  You are to perform this task with complete fairness and impartiality, and without bias, prejudice, or sympathy for or against any of the parties.

## B.    Finding the Facts

It will be your duty to find from the evidence what the facts are.  You and you alone will be the judges of the facts.  You will then have to apply those facts to the law as the Court will give it to you.  You must follow that law whether you agree with it or not.  Nothing the Court may say or do during the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, as well as any facts that the parties agree to or stipulate to or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you.  I will list them for you now:

First, statements, arguments, and questions by lawyers are not evidence.  Nor are my own statements to you evidence.  Only the answers given by the witnesses and the documents admitted as exhibits are evidence.

Second, objections to questions are not evidence.  The lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the Court's ruling on an objection.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Third, testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

Finally, anything you may have seen or heard outside the courtroom is not evidence and

13

must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

When you are determining the facts, keep in mind that there are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  The word "infer"—or the expression "to draw an inference"—means to find that a fact exists from proof of another fact.  An inference is to be drawn only if it is logical and reasonable to do so, and not by speculation or guesswork.

In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience.  Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.  Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.

Here is an example to help you think about the difference between direct and circumstantial evidence.  Assume that when you came into the Courthouse this morning the sun was shining and it was a nice day outdoors.  Also assume that the courtroom blinds were drawn and you could not look outside.  Assume further that, as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, and because no witness has testified that it is raining, you would have no direct evidence of the fact that it was raining.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason,

experience, and common sense from one established fact the existence or the nonexistence of some other fact. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

### C.    Credibility of Witnesses

One of your most important tasks as jurors is to evaluate the credibility of the witnesses who will testify before you—that is, how truthful and believable they are. Listen carefully as each witness testifies during both direct and cross examination and consider whether the witness is telling the truth. It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

Now, how do you decide what to believe and what not to believe? You are to listen to the witnesses, observe their testimony, and then decide as you would decide such questions in your own life. Did they know what they were talking about? Were they candid, honest, open, and truthful? Did they have a reason to falsify, exaggerate, or distort their testimony? Sometimes it is not what a witness says, but how he or she says it, that may give you a clue as to whether or not to accept that witness's version of an incident or an event as credible or believable.

In short, the way a witness testifies may play an important part in your reaching a judgment as to whether or not you can accept the witness's testimony as reliable.

### D.    Conduct as Jurors

Now, a few words about your conduct as jurors.

First, during the trial, you are not to discuss the case with anyone, nor are you to permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate, you simply are not to talk about this case with anyone—including your spouse or partner, family, or close friends. Do not even discuss the case with each other, your fellow jurors,

until you begin your actual deliberations at the end of the trial.  This includes posting anything on the Internet about the case, whether it be on personal blogs, Facebook, Twitter (or "X"), Instagram, LinkedIn, Youtube, TikTok, or any other form of social media.  I know that many of you use cell phones, smart phones, social media, the Internet and other tools of technology.  I emphasize that you must not use these tools to communicate electronically with anyone about the case in any way.  This includes your family and friends.

Second, please do not, while you are serving as jurors in this trial, have any conversations with the parties, the attorneys, or any witnesses in this case, whether in the courtroom, in the hallways, in the elevators, outside, or anywhere else.  By this, I mean not only to avoid talking about the case; do not talk at all, even to say "good morning" or to acknowledge any of these people.  Someone seeing a juror in conversation with a party, lawyer, or witness might think that something improper was being discussed.  To avoid even the appearance of impropriety, then, avoid any such contact or conversations.  So I can tell you that, when the parties, lawyers, or witnesses pass you in the halls without even acknowledging your presence, they do not mean to be rude—they are simply following my instruction.

Third, do not read or listen to anything outside the courtroom that relates to this case in any way.  Similarly, you are not to allow anyone to speak to you about this case.  If you are approached by anyone to speak about it, politely but firmly tell them that the judge has directed you not to do so.  If any person seeks to contact you about this case, you are required to report the incident promptly to me by sending me a note through my courtroom deputy, Mr. Fishman.

Also, be sure that I am informed if any person that you know comes into this courtroom.  This is a public trial so this could happen.  But it is important that you do not hear from them what may have happened in the court while the jury was not present.  If you should see a friend or

16

relative come into court, please send me a note through Mr. Fishman at your first opportunity. Fourth, do not try to do any research or make any investigation about the case or the issues presented by this case. For example, do not go onto the Internet tonight and research any matters relating to this case. Do not call up your lawyer friends to ask about the type of matters at issue in this case.

Finally, do not form any opinion until all the evidence is in. A case can be presented only step by step, witness by witness, until all the evidence is before you. Keep an open mind until you start your deliberations at the end of the case.

### E.    Notes

You are permitted to take notes during the trial. Mr. Fishman has given each of you a notepad and pen. Please write your name on the cover of the pad. If you do take notes, please do so only in these pads.

Remember that any notes you take are for your use only, and they are only to be used as an aid for your memory. Your memory controls. If you do take notes, be careful not to get so involved in taking notes that you are not listening to the evidence. Once you are in your deliberations, if there is a disagreement between one juror's notes and another juror's notes, or between one juror's notes and another juror's recollection, you can ask to have the court reporter read back the testimony, or to have that portion of the transcript sent to you, for it is the official court transcript that controls, not any particular juror's notes.

During the course of the trial, exhibits will be received into evidence. They will be marked by exhibit number. If there is an exhibit that you are particularly interested in seeing during your deliberations, write down the exhibit number. At the end of trial, as you begin your deliberations, we will provide each of you with a list of all witnesses who testified during the trial,

17

as well as a list of all exhibits that have been received in evidence.

      **F.**      **Course of the Trial**

We will begin the trial this afternoon. As I told you earlier, the trial is expected to be done by the end of the week. Let me tell you about the trial day. We will begin each day at 9:30 a.m. Please be on time. To help ensure that we start on time, please be in the jury room by 9:15 a.m. at the latest so that we begin without delay. I will add that a light breakfast will be available in the jury room each morning at 8:30 am. You're not required to take us up on our hospitality, but in my experience, many jurors do. The key thing is that nobody be late. If any of you are late, we will have to wait, for we cannot start unless all of you are here, and all of us—myself, the lawyers, the parties, the witnesses, and your fellow jurors—will have to wait. And if we lose 10 or 20 minutes every day, we may not be able to get the trial completed on time. As to the rest of the trial day, we will take a lunch break around 1:00 p.m. and brief mid-morning and mid-afternoon comfort breaks with refreshments provided for you in the mid-afternoon.

Now, let me tell you how the trial will proceed. First, we will have opening statements. An attorney for the Government will make an opening statement. Then an attorney for the defendant will do so. The opening statements are neither evidence nor argument; they are simply outlines of what the attorneys believe the evidence will show, and they are given to help you follow the evidence as it is presented.

After the opening statements, the Government will present its case. The Government will call its witnesses, and after each witness testifies, counsel for the defendant will have an opportunity to examine the witness. If that witness is also one of the witnesses the defendant will call on, the defendant may also examine that witness on matters relevant to its defense, so that the witnesses does not have to testify twice.

Following the Government's case, the Government will rest.  The defendant will then have the opportunity to present a defense case should he choose to do so.  The defendant is under no obligation to present a defense.  The burden remains at all times on the Government to prove the elements of each offense beyond a reasonable doubt.  Should the defendant present a defense case, any remaining defense witnesses will testify, and the Government will have the opportunity to cross-examine them.

After the evidence is completed and all sides have rested, the attorneys will give their summations.  This is the opportunity for the lawyers to summarize the evidence and to give their closing arguments.

Following the summations, I will give you instructions on the law.  You will then, finally, retire to deliberate on your verdict.

You have a tremendously important task as jurors.  It is to determine the facts.  You, and not the Court, are the sole judge of the facts.  The Constitution itself recognizes your unique role in our system of justice.  So please, pay careful attention to the witnesses and evidence received at trial, as well as my instructions on the law.